**Fernando IRIZARRY, Appellant,**

v.

**Joe MORON, Appellee.**

No. 13–91–562–CV.

Court of Appeals of Texas, Corpus Christi.

March 4, 1993.

---

Fernando Irizarry, pro se.

Jay T. Kimbrough, Beeville, for appellee.

Before SEERDEN, DORSEY and HINOJOSA, JR., JJ.

## OPINION

SEERDEN, Justice.

This is an appeal from an order requiring appellant to turn over 25% of his monthly income to the Court Clerk and to file a report of all income and expenses to appellee's attorney each month, as well as to submit to monthly questioning by the attorney regarding his income and expenses. Appellant complains that he was denied a fair hearing and that there was no evidence upon which the court could base its order. We reverse and remand to the trial court.

Appellee obtained a judgment for $23,735 plus attorney fees on May 3, 1990, against appellant. On January 4, 1991, appellee filed an application for turnover relief pursuant to section 31.002 of the Texas Civil Practices and Remedies Code. The statement of facts shows that a hearing on the application was held on March 21, 1991. No evidence was received at the hearing. Appellee's attorney advised the court that appellant had been notified of the hearing and requested that it be re-set because he was in prison and wanted to be present at the hearing.

When describing the relief requested, appellee's attorney stated, at the hearing, that the application was "an attempt to locate and obtain assets ... which we think are out there." After the court was satisfied that appellant had been notified of the proceedings and was not entitled to a delay, he instructed counsel for appellee to proceed. Counsel replied, "We would simply urge that relief be granted that's requested in our application...." The request was granted by the court.

Section 31.002 of the Texas Civil Practices and Remedies Code provides, in pertinent part:

(a) A judgment creditor is entitled to aid from a court of appropriate jurisdiction ... to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that:

(1) cannot readily be attached or levied on by ordinary legal process; and

(2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.

Tex.Civ.Prac. & Rem.Code Ann. § 31.002 (Vernon 1986).

By his second point of error, appellant complains that there is no evidence to support the judgment of the court. Appellee has elected not to file a brief. There is no evidence of any income or property either owned or anticipated to be owned by appellant, whether exempt from process or not. Consequently, it was error for the court to enter the order in this case. Appellant's second point of error is sustained.

Because of our ruling on point two, it is not necessary that we rule on appellant's first point.

The judgment of the trial court is reversed and the cause is remanded to the trial court.